UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IPVX PATENT HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>8X8, INC., a Delaware corporation,<br><br>Defendant. | Case No: C 13-01707 SBA<br>**ORDER**<br>Docket 83 |

The parties are presently before the Court on Defendant 8x8, Inc.'s ("Defendant") administrative motion to clarify the Court's directives regarding discovery. Dkt. 83. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby STAYS all proceedings in this case until Defendant's motion to disqualify Plaintiff's counsel is resolved.

## I. BACKGROUND

On November 1, 2011, Plaintiff IPVX Patent Holdings, Inc. ("Plaintiff") commenced the instant patent infringement action against Defendant in the Eastern District of Texas. See Compl., Dkt. 1. On August 23, 2012, Defendant filed a motion to transfer venue to either the District of Delaware or to the Northern District of California under 28 U.S.C. § 1404(a). Dkt. 25. An amended complaint was filed on September 25, 2012. Dkt. 31. On March 21, 2013, the district court in the Eastern District of Texas issued an order transferring this case to the Northern District of California. Dkt. 40. On May 23, 2013, the case was assigned to the undersigned. Dkt. 52.

On August 20, 2013, Defendant filed a motion to disqualify Plaintiff's counsel and a motion to dismiss. Dkt. 71, 73. On August 21, 2013, the Court issued an order referring the motion to disqualify Plaintiff's counsel to the Chief Magistrate Judge or her designee for determination. Dkt. 75. On that same day, the Court also issued a minute order stating that Defendant's motion to dismiss will be held in abeyance pending a ruling on Defendant's motion to disqualify Plaintiff's counsel. Dkt. 76. The motion to disqualify Plaintiff's counsel was subsequently assigned to Magistrate Judge Westmore and is currently set for hearing on November 21, 2013. See Dkt. 82.

On October 7, 2013, Plaintiff propounded interrogatories and requests for production of documents on Defendant which, among other things, seek "highly sensitive" financial information as well as technical documents such as schematics, plans, manuals and memorandums relating to Defendant's technology. Def.'s Mtn. at 3. On October 21, 2013, Defendant filed an administrative motion to clarify the Court's directives regarding discovery. Dkt. 83. Plaintiff filed a response on October 25, 2013. Dkt. 84.

## II.   DISCUSSION

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying terms, including time and place, for discovery. Fed.R.Civ.P. 26(c)(1). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). A stays of proceedings in federal court, including a stay of discovery, is committed to the discretion of the trial court. Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); see Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (a district court had wide discretion in controlling discovery).

In the instant motion, Defendant seeks clarification as to whether the Court intended to stay all proceedings, including discovery, pending a determination of its motion to disqualify Plaintiff's counsel, which is premised on the improper use and disclosure of Defendant's confidential information by Plaintiff's co-counsel.  Def.'s Mtn. at 1, 4. According to Defendant, it "understands" the Court's August 21, 2013 minute order, which states that Defendant's motion to dismiss will be held in abeyance pending a ruling on Defendant's motion to disqualify Plaintiff's counsel, as staying this action "pending determination of the disqualification issues."  Id.  Plaintiff disagrees, asserting that it does not "understand" the Court's minute order as staying discovery in this case.  Dkt. 84.

Having reviewed the record, the Court finds that the August 21, 2013 minute order did not stay discovery in this case pending resolution of Defendant's motion to disqualify Plaintiff's counsel.  However, the Court finds that Defendant has shown good cause to stay discovery until Defendant's motion to disqualify Plaintiff's counsel is resolved.  Staying discovery will avoid the possibility that the parties will unnecessarily expend time and resources conducting discovery.  If the motion to disqualify Plaintiff's counsel is granted, the parties will have wasted time and resources propounding and responding to discovery requests.  Moreover, a limited stay of discovery is appropriate to prevent Plaintiff's counsel from obtaining technical and financial information about Defendant before a determination is made as to whether Plaintiff's counsel may continue to represent Plaintiff in this action. Finally, Plaintiff has not shown that a limited stay of discovery will impose any unfair prejudice on it.

In light of the forgoing, the Court hereby STAYS discovery in the instant action until Defendant's motion to disqualify Plaintiff's counsel is resolved.  To the extent Defendant requests an order staying discovery pending resolution of its motion to dismiss, the Court denies this request.  Defendant has failed to demonstrate good cause to stay discovery until its motion to dismiss is resolved.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Discovery is STAYED pending resolution of Defendant's motion to disqualify Plaintiff's counsel.

2. This Order terminates Docket 83.

IT IS SO ORDERED.

Dated: 11/12/2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge