United States District Court
Northern District of California

IPVX PATENT HOLDINGS, INC.,

    Plaintiff,

v.

8X8, INC.,

    Defendant.

Case No.: 4:13-cv-01707 SBA (KAW)

ORDER DENYING DEFENDANT 8X8, INC.'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

(Dkt. No. 71)

Before the Court is Defendant 8x8, Inc.'s Motion to Disqualify Plaintiff's Counsel filed on August 20, 2013. (Def.'s Mot. to Disqualify ("Def.'s Mot."), Dkt. No. 71.)

8x8, Inc. moves to disqualify Sean Luner and Pierre Yanney from representing IPVX Patent Holdings, Inc. ("IPVX") in this matter on the grounds that Pierre Yanney is tainted by the alleged conduct of attorney/co-counsel Sean Luner, who held a client representation meeting with 8x8, Inc. prior to the filing of the instant action, during which alleged confidential information was shared with Mr. Luner.

On November 21, 2013, the Court held a hearing and after consideration of the parties' arguments, the Court denies Defendant's motion to disqualify counsel for the reasons set forth below.

**I. BACKGROUND**

In December 2009, and prior to the filing of this action, Sean Luner held a telephone meeting with 8x8, Inc.'s Bryan Martin, Chairman and Chief Executive Officer for 8x8, Inc., and Dan Weirich, Chief Financial Officer, to discuss possible representation. (Def.'s Mot. at 1.) 8x8, Inc. alleges that highly confidential information was disclosed during the 30 minute meeting. *Id.* Ultimately, Luner did not undertake representation of 8x8, Inc., Inc.

Defendant, however, alleges that Sean Luner and Pierre Yanney act as co-counsel on behalf of Klausner and IPVX, and have met privately to "investigate" the confidential communications from the Luner-8x8, Inc. meeting. (Def.'s Mot., at 8.)

On November 1, 2011, then-Plaintiff Klausner Technologies, Inc. filed a complaint against 8x8, Inc. in the U.S. District Court for the Eastern District of Texas, alleging that Defendant had infringed on United States Patent No. 5, 572, 576 ("'576 Patent"). (Compl., Dkt. No. 1.) At the time of filing, Klausner was represented by attorneys S. Calvin Capshaw, III, Pierre Yanney, and William J. Seymour. *Id.* at 5.

On December 7, 2011, Pierre Yanney sent an email to 8x8, Inc.'s counsel informing them that Sean Luner stated that he never represented to 8x8, Inc. that it did not infringe on Klausner's patents. (Dkt. No. 71, Ex. A.)

On May 17, 2012, Klausner assigned to IPVX all right, title and interest in, the '576 Patent, including the right to enforce the patent and to recover for past infringement as to the Defendant in this lawsuit. (First Amend. Compl., Dkt. No. 31 at 1.)

On August 10, 2012 IPVX was substituted for Klausner Technologies as the plaintiff in this action. (Dkt. Nos. 24-25.) On August 23, 2012, 8x8, Inc. filed a motion to change venue. (Dkt. No. 25.) On January 30, 2013, 8x8, Inc. filed a motion to disqualify counsel. (Dkt. No. 71.) On March 21, 2013 this action was transferred to U.S. District Court for the Northern District of California. (Dkt. No. 40.) On August 20, 2013, 8x8, Inc. renoticed its previously filed motion to disqualify, which was referred to the undersigned for disposition on August 22, 2013.

On October 11, 2013, the Court ordered the parties to submit supplemental briefs to specifically address the applicable law in the Ninth Circuit.

**II. LEGAL STANDARD**

"The right to disqualify counsel is a discretionary exercise of the trial court's inherent powers." *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003). Under Civil L.R. 11–4(a)(1), all attorneys who practice in the Northern District of California must comply with the standards of professional conduct required of members of the State Bar of California. Accordingly, state law applies in determining matters of

disqualification. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). In California, a lawyer may not, "without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment." Cal. R. Prof'l. Conduct, 3-310(E). "Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999) (citations omitted); *see also Oracle Am., Inc. v. Innovative Tech. Distrib., LLC,* 11-CV-01043-LHK, 2011 WL 2940313, at *4 (N.D. Cal. July 20, 2011) (quotation marks omitted).

Generally, "[m]otions to disqualify counsel are strongly disfavored." *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003). Disqualification motions involve "a conflict between a client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility." *Comden v. Superior Court*, 20 Cal. 3d 906, 915 (1978). Moreover, the ethical rules can be used tactically. *See, e.g., Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985). As a result, "disqualification motions should be subjected to particularly strict judicial scrutiny." *Id*. (quotation and quotation marks omitted). "[D]isqualification is a drastic measure that is generally disfavored and imposed only when absolutely necessary." *Ramirez v. Trans Union, LLC*, No. 12-0632, 2013 WL 1164921, at *2 (N.D. Cal. Mar. 20, 2013).

As a result, the moving party "carries a heavy burden and must satisfy a high standard of proof." *Kelly v. Roker*, No. 11-5822, 2012 WL 851558, at *2 (N.D. Cal. Mar. 13, 2012). That said, "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." *State Farm Mut. Auto. Ins. Co. v. Federal Ins. Co.*, 72 Cal. App. 4th 1422, 1428 (1999). "Consequently, the recognizably important right to choose one's counsel must yield to the ethical considerations that embody the moral principles of our judicial process." *Id*. "Attorneys have a duty to maintain undivided loyalty to

their clients to avoid undermining public confidence in the legal profession and the judicial process." *SpeeDee Oil*, 20 Cal. 4th at 1146 (citations omitted). "The effective functioning of the fiduciary relationship between attorney and client depends on the client's trust and confidence in counsel." *Id*. (citation omitted). "The courts will protect clients' legitimate expectations of loyalty to preserve this essential basis for trust and security in the attorney-client relationship." *Id*. at 1147 (citation omitted).

### III. DISCUSSION

**A.     Whether Sean Luner must be disqualified**

8x8, Inc. argues that Sean Luner must be disqualified because he violated his ethical duties to 8x8, Inc., a former client. (Def.'s Mot. at 5.) Specifically, 8x8, Inc. alleges that Sean Luner received confidential information during a client representation meeting that is substantially related to the current litigation. (Def.'s Mot. at 5-6.) IPVX responds that 8x8, Inc.'s motion, at least in so far as it targets Sean Luner, is moot because Luner has never been an attorney of record in this case and has not participated in this case. (Pl.'s Opp'n to Mot. to Disqualify Counsel (Pl.'s Opp'n") at 3.)

"When a party seeking legal advice consults an attorney at law and secures that advice, the relation of attorney and client is established prima facie." *SpeeDee Oil*, 20 Cal.4th at 1148 (quoting *Perkins v. West Coast Lumber Co.*, 129 Cal. 427, 429, 62 P. 57 (1900)). That lawyers have ethical duties to their former clients arising out of the fiduciary nature of the attorney-client relationship is a principle long recognized by California courts. *Oracle Am., Inc.*, No. 11–CV–01043–LHK, 2011 WL 2940313, at *4 (citing *Elan Transdermal Ltd. v. Cygnus Therapeutic Systems*, 809 F.Supp. 1383, 1387 (N.D. Cal. 1992)). One such ethical precept is that an attorney shall not use confidences obtained from a former client to injure its interests. *Id*.

Here, 8x8, Inc. sought legal advice from Luner during a 30 minute consultation in 2009, and according to the sworn declarations of 8x8, Inc. representatives who were present during the consultation, shared confidential information regarding their VoIP technology and patents. (Def.'s Mot. at 5.) The Court concludes that a prima facie attorney-client relationship was established between Sean Luner and Defendant 8x8, Inc.

4

An attorney's successive representation of clients with adverse interests mandates disqualification. *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.* 229 Cal. App. 3d 1445, 1452 (1991). A party seeking disqualification, however, need not prove actual possession of confidential information to disqualify the former attorney. "It is enough to show a 'substantial relationship' between the former and current representation." *Id.* (citing *Global Van Lines, Inc. v. Superior Court,* 144 Cal. App. 3d 483, 489 (1983).

The court must next determine whether there was a substantial relationship between Luner's former representation and the current representation. In assessing whether a "substantial relationship" exists, "courts look at the practical consequences of the attorney's representation of the former client and ask whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation." *See H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, 229 Cal. App. 3d 1445, 1454 (1991). This inquiry turns on two variables: 1) "the relationship between the attorney and the former client with respect to the legal problem involved in the former representation;" and 2) the relationship between the subjects of the former and current representation. *See Jensen v. Hartford Cas. Ins. Co.*, 111 Cal. App. 4th 698, 709-712 (2003).

As to the first variable, courts must differentiate "between lawyers who become heavily involved in the facts of a particular matter and those who enter briefly on the periphery for a limited and specific purpose related solely to legal questions. *H.F. Ahmanson & Co.*, 229 Cal. App. 3d at 1457. If the court determines that the attorney's former representation of the prior client was direct and personal, the disclosure of confidential information is presumed, and "the only remaining question is whether there is a connection between the two successive representations." *Id.* at 1453. On the other hand, where the former attorney-client relationship is peripheral or attenuated instead of direct, then the presumption will not be applied in the absence of an adequate showing that the attorney was in a position vis-à-vis the client to likely have acquired confidential information material to the current representation. *Jessen*, 111 Cal. App. 4th at 710.

///

There is no dispute that Sean Luner met with 8x8, Inc. in 2009. Ultimately, that meeting did not result in Mr. Luner representing 8x8, Inc., nor was there any continued communication between Luner and 8x8, Inc. after the client representation meeting. While Luner may have offered some initial impressions of the legal issues discussed, he was not called upon to formulate a legal strategy for 8x8, Inc., and is unlikely to have gained detailed knowledge of the pertinent facts and legal principles at issue in the instant litigation. As a result, the Court finds that Luner's relationship with 8x8, Inc. is attenuated and will not presume that he acquired confidential information material to the instant litigation.

In regard to the second variable, a "substantial relationship" exists between the prior and current representation whenever the "subjects" are linked in some rational manner. *Id.* at 711. Information acquired during the first representation must be 'material' to the second; that is it must be found to be directly at issue in, or have some critical importance to, the second representation. *Genetech, Inc. v. Sanofi-Aventis Deutschland GMBH*, No. C08-04909 SI, 2010 WL 1136478 (N.D. Cal. March 20, 2010) (quoting Farris *v. Fireman's Fund Ins. Co.*, 119 Cal. App. 4th 671, 680 (Cal. Ct. App. 2004)).

While it appears that Luner and 8x8, Inc. discussed related subject matter- VoIP technology- that does not necessarily establish a substantial relationship. *Farris*, 119 Cal. App. 4th at 680-81. 8x8, Inc.'s meeting with Sean Luner was to specifically discuss intellectual property covering 8x8, Inc.'s VoIP technology. 8x8, Inc. alleges that during this meeting they also discussed the Klausner lawsuits with an understanding that the patents would not/or could not be properly asserted against any of 8x8, Inc.'s products. 8x8, Inc., however did not identify any specific products in their declarations that were discussed that are directly at issue in this case. As such, the Court is not persuaded that material confidential information was disclosed to Luner in December 2009.

Moreover, 8x8, Inc. faces an additional obstacle in that Sean Luner is not representing Klausner or IPVX in this litigation, and has not been retained to represent either company in any litigation against 8x8, Inc. (Decl. of Sean Luner, "Luner Decl.," Dkt. No. 71, Ex. F ¶ 5.) Disqualification is unnecessary when the conflicted attorney is not participating in the litigation.

6

1 *Oracle Am. Inc.*, 11-CV-01043-LHK, 2011 WL 2940313, at *5 (citing *Haldane v. Haldane*, 210
2 Cal.App.2d 587, 592 (Cal. App. 2d Dist. 1962) (motion to disqualify was moot when attorney in
3 question was not participating in the case); *Cargill Inc. v. Budine*, No. CV-F-07-349, 2007 WL
4 1813762, at *7 (E.D. Cal. June 22, 2007) (disqualification improper where transgression has no
5 substantial and continuing effect on future judicial proceedings).

6 Although Sean Luner's name is listed on several filings in the instant action, this is due to
7 the consolidation of *Klausner Technologies, Inc. v. Aastra Technologies, LTD*, where Sean Luner
8 was counsel of record for Klausner Technologies, and all the Klausner/IPVX patent infringement
9 cases were filed in the Eastern District of Texas, including the instant case against 8x8, Inc. This
10 case continues to serve as the lead case for all consolidated issues. (Dkt. No. 37.) The lead case
11 in which Luner represented Klausner, however, was dismissed on November 30, 2012. (Dkt. No.
12 86, Ex. 3.) At the hearing, Plaintiff clarified that Luner's signature on the protective order in this
13 case was a clerical error in the signature block, and that Luner was not appearing as counsel. In
14 fact, Luner and his firm are no longer involved in any of the cases pending in the Eastern District
15 of Texas or in any cases against 8x8, Inc. Since Sean Luner is not participating in the instant
16 litigation, there is no need to disqualify him.

17 Accordingly, 8x8, Inc.'s motion to disqualify Sean Luner is DENIED.

18 **B. Yanney's alleged imputed knowledge of confidential information**

19 8x8, Inc. seeks to disqualify Yanney based on its belief that Sean Luner's knowledge of
20 8x8, Inc's confidential information is imputed to Yanney. As discussed above, Sean Luner had
21 represented Klausner in a previously dismissed, consolidated case. Nevertheless, Klausner is no
22 longer a party to this action.

23 Defendant relies heavily on *Pound v. DeMera DeMera Cameron* in support of its
24 argument that Yanney must be disqualified. (Def.'s Supplemental Mem. at 6.) This reliance is
25 misplaced, because *Pound* is factually distinguishable. In *Pound,* the California Court of Appeal
26 held that an associated counsel's successive representation disqualified a law firm, because the
27 associated attorney changed "from one side (plaintiffs) to the other (defendants), during the
28 pendency of a case." 135 Cal. App. 4th 70, 76 (2005). Here, Yanney was not associated with

1 Luner. In fact, the two attorneys represented different clients. Defendant points to a previous,
2 unrelated case in which the attorneys associated, with Yanney serving as local counsel. This,
3 however, does not mean that Luner's knowledge may be automatically imputed on Yanney.
4 Further, unlike in *Pound*, the instant litigation was not pending when Luner met with 8x8. *See*
5 *Pound*, 135 Cal. App. 4th at 74. Lastly, Luner was not disqualified by the Court, like the
6 associated attorney in *Pound*. Rather, Luner is no longer involved in the instant litigation due to
7 the substitution of IPVX for Klausner.

8 Instead, the "disqualification of one firm does not automatically compel disqualification of
9 the firm's co-counsel .... Rather, the particular facts of each case must be considered in order to
10 determine whether disqualification is warranted." *Oracle Am. Inc.*, 11-CV-01043-LHK, 2011
11 WL 2940313, at *5 (citing *In Re Airport Car Rental Antitrust Litigation*, 470 F.Supp. 495, 501–
12 502 (N.D. Cal. 1979).

13 A review of the particular facts in this case leads the Court to conclude that
14 disqualification of Mr. Yanney is not warranted. The scant evidence in the record does not create
15 a reasonable probability that important information regarding the Luner-8x8, Inc. meeting was
16 divulged to Yanney. 8x8, Inc. provided two declarations from high ranking representatives which
17 state that confidential information was divulged during the 30 minute telephone meeting between
18 8x8, Inc. and Sean Luner, and an email from Mr. Yanney stating that he had investigated 8x8,
19 Inc.'s allegation that Mr. Luner told them that 8x8, Inc.'s patent did not infringe on any Klausner
20 patent. Mr. Yanney rebutted this allegation in his sworn declaration stating that he did not receive
21 any confidential 8x8, Inc. information from Sean Luner and that his communications with Luner
22 were "limited to confirming that Mr. Luner did not at any time state to 8x8 that it does not
23 infringe the Klausner patent-in-suit." (Yanney Decl. ¶¶ 3,6., Dkt. No. 71, Ex. E.)

24 Based on the record before the Court, there is no reason to doubt Yanney's sworn
25 declaration that he was not privy to confidential 8x8, Inc. information. *See Oracle Am. Inc.*, 11-
26 CV-01043-LHK, 2011 WL 2940313, at *5 (citing *Halladay & Mim Mack Inc. v. Trabuco Capital*
27 *Partners, Inc.*, 2009 EL 3244746 (C.D. Cal. Oct. 5, 2009) (absent credible evidence otherwise,
28 "[t]here is no reason to disbelieve [attorney's] factual statements in his declaration"); *c.f. Cargill,*

2007 WL 1813762, at *11 (E.D. Cal. June 22, 2007) (rejecting self-serving declarations where evidence in the record led to court's concern that confidential information was actually disclosed). Furthermore, Sean Luner's sworn declaration states that the December 2009 telephone meeting did not discuss any of 8x8's products, the functionality of any of its products, nor whether any of its products infringed on any patent. (Luner Decl. ¶ 3.)

Accordingly, 8x8, Inc.'s speculation that Luner provided allegedly confidential information relied upon in IPVX's complaint is unfounded. None of the facts alleged in the original complaint or the First Amended Complaint appear to be based on the alleged confidential communications from 2009. Additionally, no evidence has been provided that shows Yanney received confidential information from Luner regarding 8x8, Inc. that was relevant to the merits of this litigation. *See FlatWorld Interactives LLC v. Apple Inc.,* No. 12-cv-01956-WHO, 2013 WL 4039799, at *9 (N.D. Cal. Aug. 7, 2013) (refusing to disqualify co-counsel lacking actual knowledge or possession of confidential information and conflicted only through imputation).

In light of the above, Defendant's motion to disqualify Pierre Yanney is DENIED.

**C. 8x8, Inc. may have waived its objections to representation by Mr. Yanney or Mr. Luner.**

Additionally, Plaintiff argues that even if Mssrs. Luner and Yanney should be disqualified, 8x8, Inc.'s failure to bring this motion sooner constitutes a waiver of its objection. While it appears that 8x8, Inc. first became aware of the alleged conflict on December 7, 2011 at the latest, and that 8x8, Inc. has offered no explanation for its delay in pursuing disqualification until January 30, 2013, based on the foregoing, the Court need not address the issue of waiver in denying Defendant's motion.

### IV. CONCLUSION

For the reasons set forth above, 8x8, Inc.'s motion to disqualify plaintiff's counsel is DENIED.

IT IS SO ORDERED.

DATE: December 19, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

9