UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IPVX PATENT HOLDINGS, INC., a Delaware corporation, | Case No:  C 13-1707 SBA |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| vs. | Docket 73 |
| 8X8, INC., a Delaware corporation, | |
| Defendant. | |

IPVX Patent Holdings, Inc. ("IPVX") brings the instant patent infringement action against 8x8, Inc. ("8x8") alleging infringement of United States Patent No. 5,572,576 (the "'576 Patent" or "patent-in-suit").  The parties are presently before the Court on 8x8's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 73. IPVX opposes the motion.  Dkt. 93.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES 8x8's motion to dismiss, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

        A.      **IPVX and the '576 Patent**

        IPVX is a Delaware corporation .  FAC ¶ 1.  On May 17, 2012, Klausner Patent Technologies ("Klausner")[1] assigned to IPVX all right, title and interest in the '576 Patent,

---

[1] On November 1, 2011, Klausner commenced the instant action against 8x8 in the Eastern District of Texas. Dkt. 1. On August 10, 2012, IPVX was substituted for Klausner as the Plaintiff in this action. Dkt. 24. On March 21, 2013, the action was transferred to this District. See Dkt. 40. On May 23, 2013, the action was reassigned to the undersigned. Dkt. 52.

1   including the right to enforce the patent-in-suit and to recover for past infringement.  Id. at

2   1.  The '576 Patent discloses and claims a "Telephone Answering Service Linking

3   Displayed Data with Recorded Audio Message."  Id. ¶ 7.  It concerns what is known in the

4   telecommunications industry as "visual voicemail," i.e., the "visual identification of callers'

5   identities and selective access to their linked recorded voice messages."  Id. ¶ 9, Exh. A.

6   Before the advent of visual voicemail, a telephone user could not determine the identity of a

7   person who left a voicemail message without listening to the content of the voice message.

8   Id., Exh. A.  Additionally, before visual voicemail, a telephone user could not select by

9   name which voice message to listen to.  Id.

10         Claim 3 of the patent-in-suit describes "[a] method of automatically answering

11   incoming telephone calls and storing and retrieving information from the incoming

12   telephone calls with a telephone answering device having a memory and being coupled to a

13   telephone."  FAC, Exh. A.  It comprises five steps: (1) receiving first signals specifying

14   each caller of each incoming call; (2) receiving a voice message from each caller and

15   storing them in memory; (3) linking each received first signals with a corresponding voice

16   message; (4) transmitting the received first signals to a user remote access device so that

17   they are available upon user demand for assisting in the selective retrieval of at least one of

18   the stored voice messages using displayed first signals; and (5) transmitting to a user

19   remote access device at least one specific voice message linked to a specific received first

20   signal in response to the selection of a stored voice message.  Id.

21         **B.**      **Previous Lawsuits for Infringement of the '576 Patent**

22         In 2007, after the release of Apple Inc.'s ("Apple") first iPhone, which featured

23   visual voicemail technology, Klausner brought a widely publicized infringement suit

24

25

26

27

28

1 against Apple and AT & T, Inc. ("AT & T") alleging infringement of the '576 Patent.[2]  Id.

2 ¶ 10.  Klausner also previously filed other highly publicized suits for infringement of the

3 '576 Patent against "wireless services providers, mobile phone manufacturers, cable/VOIP

4 providers, and other companies that offer visual voicemail services, [including] Verizon

5 Cablevision, Google, Comcast, HTC Corporation, LG Electronics, Citrix, Panasonic,

6 Avaya, Yahoo, Cisco, NEC, Siemens, Alcatel-Lucent, and Samsung."  Id. ¶ 11.

7       **C.     8x8's Knowledge of the '576 Patent**

8       8x8 is a Delaware corporation with its principal place of business in Sunnyvale,

9 California.  FAC ¶ 6.  8x8 has been active in the telecommunications industry since at least

10 2007.  Id. ¶ 13.  IPVX alleges, upon information and belief, that 8x8 was aware of the

11 release of Apple's iPhone and its visual voicemail feature and of visual voicemail features

12 offered by 8x8's competitors.  Id. ¶¶ 14-15.  IPVX further alleges, upon information and

13 belief, that 8x8 was aware that others who offered products with visual voicemail

14 capabilities were sued by Klausner for infringement of the '576 Patent, and that others in

15 the telecommunications and related industries offering products with visual voicemail

16 capabilities entered into licensing agreements and settled infringement suits with Klausner.

17 Id. ¶¶ 16-17.

18       According to IPVX, 8x8 had actual knowledge of the '576 Patent on October 26,

19 2011 when it was served with a previous summons and complaint alleging infringement of

20 the '576 Patent or, at the latest, when it was served with the initial complaint in this action.

21 FAC ¶ 23.  However, IPVX alleges, upon information and belief, that 8x8 had actual

22 knowledge of the '576 Patent before the complaint was filed in this action as it was "aware

23 of visual voicemail technology and, as a result of the association of Klausner and the '576

24

25       [2] IPVX alleges that the patent infringement suit against Apple and AT & T was
26 preceded by several articles that were widely distributed across the telecommunications
industry, which publicized infringement suits, licenses, and settlements relating to the '576
27 Patent involving visual voicemail offerings by Time Warner AOL and Vonage Holdings.
FAC ¶ 11.  IPVX further alleges that the identification of Klausner and its '576 Patent with
28 visual voicemail capabilities is so widespread that it is included in the Wikipedia entry for
the term "visual voicemail."  Id. ¶ 10.

1  Patent with visual voicemail technology, was also aware of the '576 Patent when [it]

2  incorporated the visual voicemail features into the 8x8 Voicemail Products and induced its

3  customers to use such features."  Id. ¶ 24.

4  **D.  8x8's Infringement of the '576 Patent**

5  IPVX alleges that 8x8 offers voicemail products with visual voicemail capabilities,

6  including a product called "8x8 Virtual Office Voicemail to Email," known as VOV2E, and

7  other systems with similar functionality (collectively, the "8x8 Voicemail Products").  FAC

8  ¶ 19.  IPVX further alleges that 8x8 advertises its VOV2E product in a manner that

9  demonstrates that the product "provides a telephone answering device with a memory that

10  is coupled to a telephone for automatically answering telephone calls, as well as storing and

11  retrieving information related to the telephone calls."  Id. ¶ 26.

12  According to 8x8's advertising, the VOV2E product operates in 5 steps:  (1) it

13  receives first signals containing a Caller ID number for each incoming call and displays this

14  information in the subject line of an electronic message, called a VOV2E message; (2) it

15  receives and stores voice messages in its memory, and then attaches these messages to a

16  VOV2E message as a WAV file; (3) it links the received first signals with a corresponding

17  voice message by displaying the Caller ID number for each voice message in the subject

18  line of a VOV2E message, and then attaches the corresponding voice message as a WAV

19  file to the same message; (4) it transmits the received first signals to a user remote access

20  device in the form of the caller's Caller ID number, which is transmitted in the subject line

21  of each VOV2E message, allowing a VOV2E message to be viewed on a variety of remote

22  devices (e.g., telephone) and the first signals to be used as assistance in selectively

23  retrieving voice messages; and (5) it transmits to a user remote access device a specific

24  voice message linked to the specific received first signal (in the form of the caller's Caller

25  ID number that is included in the subject line of each VOV2E message) in response to a

26  selection of the stored voice message, which is attached to a VOV2E message as a WAV

27  file.  Id.

28

1    IPVX alleges that 8x8's Voicemail Products infringe the '576 Patent because they

2    "contain visual voicemail capabilities or features that make voicemails accessible via e-

3    mail boxes and/or through remote devices such as a computer, telephone, or Personal

4    Digital Assistant (PDA)."  FAC ¶ 21.  Specifically, IPVX alleges that 8x8 has directly

5    infringed at least claim 3 of the '576 Patent, contributed to the infringement of at least

6    claim 3 of the '576 Patent, and induced others to infringe at least claim 3 the '576 Patent.

7    Id. ¶¶ 18-19, 22.

8        With respect to direct infringement, IPVX alleges that 8x8 has directly infringed the

9    '576 Patent by "manufacturing, using, selling, offering for sale or by using the method(s)

10   claimed in the '576 Patent in conjunction with the 8x8 Voicemail Products."  FAC ¶ 20.

11   With respect to contributory infringement, IPVX alleges that 8x8 has contributed to the

12   infringement of the '576 Patent by "providing its customers with the infringing visual

13   voicemail feature as part of its 8x8 Voicemail Products when such visual voicemail feature

14   had no substantial non-infringing uses."  Id. ¶ 27.  With respect to induced infringement,

15   IPVX alleges that 8x8 induces infringement of the '576 Patent by inducing users of 8x8's

16   Voicemail Products to infringe the patent "by promoting and instructing users to use the

17   capability of retrieving voicemails using the visual voicemail feature of the 8x8 Voicemail

18   Products."  Id. ¶¶ 22, 25. 25.  According to IPVX, 8x8 encouraged use of the visual

19   voicemail feature of the 8x8 Voicemail Products by touting it as "a feature that is a 'time

20   saver,' an 'amazing advantage,' [and] 'very helpful . . . in the field . . . on [] Blackberry.' "

21   Id. ¶ 25.  8x8 also touted the feature as one that "increases users' 'customers [sic]

22   satisfaction,' 'efficiency' and 'sales.' "  Id. ¶ 25.

23       IPVX contends that, as a result of 8x8's infringement, it has suffered irreparable

24   damage and impairment of the value of its patent rights.  FAC ¶ 28.  By this action, IPVX

25   seeks relief in the form of compensatory damages, costs of suit, attorneys' fees, and pre-

26   judgment interest.  Id. at 9.

27   **II.    LEGAL STANDARD**

28       "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a

1  cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal

2  theory."  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal

3  Rules of Civil Procedure requires a complaint contain "a short and plain statement of the

4  claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "To survive a

5  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

6  'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678,

7  (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial

8  plausibility when a plaintiff "pleads factual content that allows the court to draw the

9  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

10  U.S. at 678.

11      When considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as

12  true all well-pleaded allegations of material fact, and construe[s] them in the light most

13  favorable to the non-moving party."  Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998

14  (9th Cir. 2010).  However, "the tenet that a court must accept as true all of the allegations

15  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

16  elements of a cause of action, supported by mere conclusory statements, do not suffice."

17  Iqbal, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework,

18  they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient

19  to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting

20  Twombly, 550 U.S. at 570).  In the event dismissal is warranted, it is generally with leave

21  to amend, unless it is clear the complaint cannot be saved by any amendment.  See Sparling

22  v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898

23  (9th Cir. 2002).

24  **III.    DISCUSSION**

25      In the instant motion, 8x8 moves to dismiss IPVX's claims for direct infringement,

26  contributory infringement, and induced infringement on the ground that IPVX has failed to

27  adequately plead facts to state a claim for relief that is plausible on its face.  8x8's

28  arguments are discussed below.

1    As a preliminary matter, the Court notes that 8x8 relies on IPVX's preliminary

2 infringement contentions in support of its motion to dismiss.  "As a general rule, a district

3 court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6)

4 motion."[3]  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal

5 quotation marks and citation omitted).  A motion to dismiss made pursuant to Rule 12(b)(6)

6 must be treated as a motion for summary judgment under Rule 56 if either party to the

7 motion to dismiss submits materials outside the pleadings in support of, or opposition to,

8 the motion, and if the court relies on those materials.  Anderson v. Angelone, 86 F.3d 932,

9 934 (9th Cir. 1996).  However, the Court has discretion either to consider or reject such

10 evidence.  See Swedberg v. Marotzke, 339 F.3d 1139, 1143-1146 (9th Cir. 2003) (where a

11 district court does not rely on the materials submitted outside the pleadings, a motion to

12 dismiss need not be converted into a motion for summary judgment).  If a court converts a

13 motion to dismiss into a motion for summary judgment, the court must give the parties

14 notice and a reasonable opportunity to supplement the record.  Bank Melli Iran v. Pahlavi,

15 58 F.3d 1406, 1408 (9th Cir. 1995).

16    Here, 8x8 offers no authority or legal analysis demonstrating that it is appropriate for

17 the Court to consider IPVX's preliminary infringement contentions in ruling on the instant

18 motion without converting it into a motion for summary judgment.  See Van Buskirk v.

19 Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may

20 look only at the face of the complaint to decide a motion to dismiss.").  Given the relatively

21 early stage of this litigation, the Court exercises its discretion and declines to convert 8x8's

22 motion to dismiss into a motion for summary judgment.  Neither party has suggested that

23 the factual record is sufficiently developed such that a motion for summary judgment is

24 appropriate.

25

26    [3] There are, however, exceptions to this rule. The Court may consider a limited set of
documents without converting a Rule 12(b)(6) motion into a motion for summary
27 judgment: documents attached to the complaint, documents incorporated by reference in the
complaint, or matters that can be judicially noticed.  See United States v. Ritchie, 342 F.3d
28 903, 907 (9th Cir. 2003).

**A.      Direct Infringement**

Direct infringement claims are governed by 35 U.S.C. § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent."  Whether a complaint adequately pleads direct infringement is to "be measured by the specificity required by Form 18," in the Appendix of Forms to the Federal Rules of Civil Procedure.  In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  In the context of direct infringement, the Twombly and Iqbal standard is "too stringent."  Id. at 1335.

To state a claim for direct infringement, the FAC must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

In re Bill of Lading, 681 F.3d at 1334; see also Athena Feminine Technologies Inc. v. Wilkes, 2011 WL 4079927, at *5 (N.D. Cal. 2011) (Armstrong, J.) (citing McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

8x8 moves to dismiss IPVX's direct infringement claim on the ground that IPVX has failed to sufficiently allege the elements of notice and infringement.  Specifically, 8x8 contends that dismissal is appropriate because:  (1) IPVX has not sufficiently pled marking of the product, and therefore failed to adequately plead notice; and (2) IPVX's infringement allegations rely on a third-party performing some of the steps of the claimed method, thereby rendering a claim for direct infringement impossible.

**1.      Notice of Infringement of the '576 Patent**

For a patentee to recover damages for infringement, notice must be given.  See 35 U.S.C. § 287(a).  If a patentee affixes a marking to a product to notify the public of the patent, this will satisfy the requirement.  Id.  In the event of a failure to mark, damages are not recoverable by the patentee in any action for infringement, "except on proof that the

1  infringer was notified of the infringement and continued to infringe thereafter, in which

2  event damages may be recovered only for infringement occurring after such notice.  Filing

3  of an action for infringement shall constitute such notice." Id.  When a plaintiff only

4  asserts infringement on the method claims within a patent, the marking requirements do not

5  apply, even when a patent contains both method and apparatus claims.  Crown Packaging

6  Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1316 (Fed. Cir. 2009).

7  　　　Here, IPVX argues that it has satisfied the notice requirement of § 287(a) because it

8  filed the complaint prior to the expiration of the '576 Patent.  Further, IPVX argues that,

9  contrary to 8x8's contention, the marking requirement does not apply because IPVX only

10  asserts a single method claim, i.e., claim 3 of the patent-in-suit.  In response, 8x8 does not

11  dispute that claim 3 is a method claim or that the complaint was filed prior to the expiration

12  of the '576 Patent.  Instead, 8x8 argues that the notice requirement has not been satisfied

13  because IPVX is asserting an apparatus claim insofar as the FAC repeatedly alleges

14  infringement based on 8x8's "manufacture" of the accused 8x8 Voicemail Products.

15  However, a fair reading of the FAC does not support 8x8's position.  The FAC clearly

16  asserts infringement related to the "the method(s) claimed in the '576 Patent," and does not

17  specifically assert any claims for infringement based on an apparatus claim.  Moreover,

18  IPVX does not allege infringement solely based on 8x8's "manufacture" of the accused

19  products.  The word "manufacturing" is alleged in the FAC in the disjunctive, e.g.,

20  "Defendant has infringed . . . the '576 Patent by manufacturing, using, selling, offering for

21  sale or by using the method(s) claimed in the '576 Patent."  See FAC ¶ 19-20 (emphasis

22  added).  Accordingly, because IPVX only asserts infringement of a method claim within

23  the patent-in-suit, the filing of the instant action constitutes sufficient notice under the plain

24  language of § 287(a).  Therefore, 8x8's motion to dismiss IPVX's direct infringement claim

25  for failure to allege proper notice is DENIED.

26  　　　　　**2.　　Infringement of the '576 Patent**

27  　　　8x8 contends that IPVX "cannot allege that 8x8 is liable for direct infringement of

28  the . . . asserted method claim because IPVX knows . . . that no one party performs all the

1 claimed steps" of the patented method.  As such, 8x8 argues that "IPVX has not pleaded

2 facts sufficient to present a plausible claim for relief. . . ."  The Court construes 8x8's

3 argument as contending that IPVX has not alleged a cognizable direct infringement claim

4 because it has failed to allege that 8x8 has performed all steps of the claimed method.  The

5 Court rejects this argument.

6 A claim for direct infringement is governed by the Form 18 pleading standard.  In re

7 Bill of Lading, 681 F.3d at 13354.  IPVX has sufficiently pled direct infringement under

8 this standard.  The FAC alleges that 8x8 has infringed the '576 Patent by manufacturing,

9 using, offering for sale, or by selling 8x8 Voicemail Products that use the method(s)

10 claimed in the '576 Patent.  FAC ¶¶ 19-20.  The FAC also, among other things, identifies

11 the claimed method that is being practiced (i.e., claim 3).  Id. ¶ 22.  The allegations in the

12 FAC are sufficient to withstand 8x8's motion to dismiss.

13 Contrary to 8x8's suggestion, plaintiff is not required to allege facts showing that

14 every step of the claimed method is performed in order to state a cognizable direct

15 infringement claim.  Instead, Form 18 requires a simple allegation that the defendant has

16 infringed a patent by "making, selling, and using [the device] embodying the patent."  See

17 In re Bill of Lading, 681 F.3d at 1334-1335 ("Form 18 and the Federal Rules of Civil

18 Procedure do not require a plaintiff to plead facts establishing that each element of an

19 asserted claim is met.  Indeed, a plaintiff need not even identify which claims it asserts are

20 being infringed.") (citation omitted).  8x8 provides no authority demonstrating that the

21 direct infringement allegations in the FAC are insufficient to survive a motion to dismiss.

22 Accordingly, 8x8's motion to dismiss IPVX's direct infringement claim for failure to

23 adequately allege infringement is DENIED.

24 **B.    Indirect Infringement**

25 The FAC alleges induced infringement under § 271(b), and contributory

26 infringement under § 271(c).  A claim for indirect infringement must satisfy the pleading

27 requirements of Twombly and Iqbal.  See In re Bill of Lading, 681 F.3d at 1337.  8x8

28

1    moves to dismiss IPVX's indirect infringement claims on the ground that the FAC fails to

2    allege sufficient facts to state a claim for relief that is plausible on its face.

3               **1.      Contributory Infringement**

4          "Whoever offers to sell or sells within the United States or imports into the United

5    States a component of a patented machine, manufacture, combination or composition, or a

6    material or apparatus for use in practicing a patented process, constituting a material part of

7    the invention, knowing the same to be especially made or especially adapted for use in an

8    infringement of such patent, and not a staple article or commodity of commerce suitable for

9    substantial noninfringing use, shall be liable as a contributory infringer."  35 U.S.C. §

10   271(c).  To establish contributory infringement, a patent owner must show:  "1) that there is

11   direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the

12   component has no substantial noninfringing uses, and 4) that the component is a material

13   part of the invention."  Fujitsu Ltd. v. Netgear Inc., 620 F.3d 1321, 1326 (Fed. Cir. 2010).

14   A party may be liable for contributory infringement of a method claim if it sells infringing

15   devices to customers who use them in a way that directly infringes the method claim.

16   AquaTex Indus., Inc. v. Techniche Solns., 419 F.3d 1374, 1379 (Fed. Cir. 2005); see Ricoh

17   Co. v. Quanta Computer, Inc., 550 F.3d 1325, 1337 (Fed. Cir. 2008) (Contributory

18   infringement imposes liability on one who embodies in a non-staple device the heart of a

19   patented process and supplies the device to others to complete the process and appropriate

20   the benefit of the patented invention.).

21         8x8 contends that dismissal of IPVX's contributory infringement claim is

22   appropriate because IPVX has failed to sufficiently allege that:  (1) there are "no substantial

23   noninfringing uses"; and (2) 8x8 had the requisite knowledge and intent to contribute to

24   infringement.

25               **a.      No Substantial Noninfringing Uses**

26         "[N]on-infringing uses are substantial when they are not unusual, far-fetched,

27   illusory, impractical, occasional, aberrant, or experimental."  Vita-Mix Corp. v. Basic

28   Holding, Inc., 581 F.3d 1317, 1327 (Fed. Cir. 2009).  "For purposes of contributory

1   infringement, the [substantial non-infringing use] inquiry focuses on whether the accused

2   products can be used for purposes *other than* infringement." In re Bill of Lading, 681 F.3d

3   at 1338 (emphasis in original).  "Where the product is equally capable of, and

4   interchangeably capable of both infringing and substantial non-infringing uses, a claim for

5   contributory infringement does not lie." Id.  However, a defendant does not escape liability

6   for contributory infringement by embedding an infringing component, with no substantial

7   noninfringing use, within a larger product with additional, separable features.  See Ricoh,

8   550 F.3d at 1337-1338.

9          Here, the FAC alleges, "[u]pon information and belief," that 8x8 "contributed to the

10  infringement of the '576 Patent by providing its customers with the infringing visual

11  voicemail feature as part of its 8x8 Voicemail Products when such visual voicemail feature

12  had no substantial non-infringing use." FAC ¶ 27.  Further, the FAC describes how a

13  particular feature of the VOV2E product - the visual voicemail feature - infringes the '576

14  patent by performing every step of claim 3, and alleges that 8x8 encouraged users of the

15  VOV2E product to use this feature.  See FAC ¶¶ 21, 24-26.  Although 8x8 argues that "the

16  accused 8x8 product can be used in substantially non-infringing manners," even if 8x8

17  Voicemail Products contain additional features that have noninfringing uses, as long as a

18  component part or feature has no substantial noninfringing use, an action for contributory

19  infringement will lie.  See Ricoh, 550 F.3d at 1337-1338.  The allegations in the FAC

20  support a reasonable inference that the visual voicemail feature of the 8x8 Voicemail

21  Products, even if embedded within a product with additional features that have

22  noninfringing uses, has no substantial noninfringing uses.  See In re Bill of Lading, 681

23  F.3d at 1337-1338.  Accordingly, IPVX has sufficiently pled the element of "no substantial

24  noninfringing uses."

25                          **b.      Knowledge and Intent**

26         The Court finds that the FAC adequately pleads facts showing that 8x8 had the

27  requisite knowledge of the '576 Patent for contributory infringement.  IPVX has alleged

28  facts from which the Court can infer actual knowledge of the '576 Patent prior to service of

1    the complaint in this action, including press coverage, previously filed litigation regarding

2    the '576 Patent, and service of "a previous summons and complaint" on 8x8 alleging

3    infringement of the '576 Patent.  See FAC ¶¶ 10-11, 13-17, 23-24.  IPVX has also

4    adequately pled knowledge of alleged infringement as of the date the complaint in this

5    action was served.  Symantec Corp. v. Veeam Software Corp., 2012 WL 1965832, *4 (N.D.

6    Cal. 2012).

7         To the extent 8x8 contends that dismissal of IPVX's contributory infringement claim

8    is appropriate based on IPVX's failure to adequately plead specific intent, the Court

9    disagrees.  8x8 has not cited, and the Court is not aware of, any authority holding that a

10   claim for contributory infringement requires a showing of specific intent to cause

11   infringement.  Courts addressing this issue have found that no such showing is required.

12   See Unisone Strategic IP, Inc. v. Life Technologies Corp., 2013 WL 5729487, at *4 (S.D.

13   Cal. 2013) (unlike a claim for induced infringement, a claim for contributory infringement

14   does not require a showing of specific intent to cause infringement); INVISTA North

15   America S.a.r.l. v. M & G USA Corp., 2013 WL 3196817, at * 13 n. 12 (D. Del. 2013)

16   ("Intent to cause infringement is not a requirement of contributory infringement. . . .").

17        **2.     Induced Infringement**

18        "Whoever actively induces infringement of a patent shall be liable as an infringer."

19   35 U.S.C. § 271(b).  To state a claim for induced infringement, a plaintiff must allege facts

20   establishing: (1) the infringer knew or should have known its actions would induce actual

21   infringement; (2) the infringer had specific intent to induce infringement by another; and

22   (3) direct infringement by another.  Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545

23   F.3d 1340, 1353-1354 (Fed. Cir. 2008); DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293,

24   1304, 1306 (Fed. Cir. 2006).  To survive a motion to dismiss, a plaintiff must plead "facts

25   plausibly showing that the [defendant] specifically intended their customers to infringe the

26   [patent] and knew that the customer's acts constituted infringement."  In re Bill of Lading,

27   681 F.3d at 1339.

28

1    Here, 8x8 contends that dismissal of IPVX's induced infringement claim is

2    warranted because IPVX has not identified a third-party that directly infringed the '576

3    Patent, and because IPVX has failed to allege sufficient facts to raise the reasonable

4    inference that 8x8 possessed specific intent to encourage another's direct infringement.

5    The Court disagrees.  As discussed above, the FAC contains sufficient facts from which the

6    Court can infer that 8x8 had actual knowledge of the '576 Patent prior to service of the

7    complaint in this action.  See FAC ¶¶ 10-11, 13-17, 23-24.  Further, the FAC alleges that

8    8x8 was aware of the '576 Patent when it incorporated the visual voicemail feature into the

9    8x8 Voicemail Products, and therefore knew that use of these products by its customers

10   infringed the '576 Patent.  Id. ¶ 24.  The FAC also alleges that by offering and encouraging

11   its customers to use the 8x8 Voicemail Products, 8x8 intended that its customers infringe

12   the '576 Patent.  Id.  According to IPVX, 8x8 induced its customers to infringe the '576

13   Patent by promoting and instructing them on how to use the visual voicemail features

14   embedded in its 8x8 Voicemail Products; noting that 8x8 touted the visual voicemail

15   feature as a time-saver that increases customers' satisfaction, efficiency, and sales.  Id. ¶ 25.

16   The Court finds that the allegations in the FAC are sufficient to support a plausible

17   inference that 8x8 intended their customers to infringe the '576 Patent and that they knew

18   their customer's acts constituted infringement.  By identifying the direct infringers (i.e., 8x8

19   customers using the 8x8 Voicemail Products), the means by which 8x8 encouraged the

20   infringement (i.e., by promoting the allegedly infringing products and instructing users on

21   how to use the visual voicemail feature of the products), and by alleging that 8x8 intended

22   the infringement to occur, IPVX has adequately stated a claim for induced infringement.

23   See Potter Voice Techs., LLC v. Apple Inc., 2014 WL 46768, at *4 (N.D. Cal. 2014).

24   Contrary to 8x8's contention, a plaintiff need not identify a specific direct infringer to state

25   a claim for indirect infringement so long as it pleads facts sufficient to allow an inference

26   that at least one direct infringer exists.  In re Bill of Lading, 681 F.3d at 1336.  The

27   allegations in the FAC satisfy this requirement.  The FAC specifically identifies various

28   customers that 8x8 induced to infringe the '576 Patent.  FAC ¶ 22.

IV.     **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      8x8's motion to dismiss is DENIED.

2.      This Order terminates Docket 73.

IT IS SO ORDERED.

Dated:  March 31, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge